JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DAMIAN ZIELINSKI

**(b)** County of Residence of First Listed Plaintiff  PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

BEST BUY IMPORTS, INC.

County of Residence of First Listed Defendant  PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Truth in Lending Act, 15 U.S.C. § 1601

Brief description of cause:
Financing Fraud by a used car dealer - violations of the Truth in Lending Act/

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE

DOCKET NUMBER

DATE  8/2/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

UNITED STATES DISTRICT COURT

APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3244 Mercer Street, Philadelphia, PA 19134

Address of Defendants:  4060 Frankford Avenue, Philadelphia, PA 19124

Place of Accident, Incident or Transaction:  3244 Mercer Street, Philadelphia, PA 19134

*Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)          Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?          Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number:_____ Judge _____ Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases

(Please specify)  Truth in Lending Act,  15 U.S.C. §1601; Regulation Z, 12 C.F.R. §1026 and

Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases

(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought

DATE: _____     _____     _____
                          Attorney-at-Law                Attorney I.D.

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  August 2, 2017          Andrew M. Milz, Esquire          207715
Attorney-at-Law                Attorney I.D.

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | | |
|---|---|---|---|
| DAMIAN ZIELINSKI | : | CIVIL ACTION | |
| | v. | : | |
| | | : | |
| BEST BUY IMPORTS, INC. | : | NO. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          (     )

(b)    Social Security – Cases requesting review of a decision of the Secretary of Health
        and Human Services denying plaintiff Social Security Benefits                        (     )

(c)    Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (  X  )

(d)    Asbestos – Cases involving claims for personal injury or property damage from
        exposure to asbestos.                                                               (     )

(e)    Special Management – Cases that do not fall into tracks (a) through (d) that are
        commonly referred to as complex and that need special or intense management
        by the court. (See reverse side of this form for a detailed explanation of special
        management cases)                                                                   (     )

(f)    Standard Management – Cases that do not fall into any one of the other tracks.        (  X  )

| | | |
|---|---|---|
| August 2, 2017 | Andrew M. Milz, Esquire | |
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| | | |
| 610-822-0781 | 610-667-0552 | amilz@consumerslaw.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAMIAN ZIELINSKI
3244 Mercer Street
Philadelphia, PA  19134,
     Plaintiff,

   v.
             CIVIL ACTION NO.

BEST BUY IMPORTS, INC.,
4060 Frankford Avenue
Philadelphia, PA 19124,
     Defendant.

## <u>COMPLAINT</u>

### I. <u>INTRODUCTION</u>

1. This is an action to redress financing fraud by a used car dealer.  Plaintiff sues for violations of the Truth in Lending Act, 15 U.S.C. §1601, *et seq.* ("TILA") and implementing Regulation Z, 12 C.F.R. §1026, and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, *et seq.* ("UTPCPL").

2. The Truth in Lending Act mandates that auto lenders disclose certain "costs of credit" associated with a consumer transaction.  Accurate disclosure of the "amount financed" and "finance charge" are necessary in order for consumers to be able to make meaningful comparisons of credit alternatives.  Here, Defendant violated TILA by "swallowing" $655.00 of Plaintiff's down payment, thereby understating the down payment and misrepresenting the amount financed.  This misrepresents the costs of credit in the disclosures required to be provided to Mr. Zielinski in connection with his auto loan transaction.

3. To make matters worse, Best Buy overcharged for the vehicle. It lured Plaintiff to its dealership with an advertisement listing an asking price of $10,900, but once agreed upon,

deceptively inflated the purchase price to $12,000 on the sale documents it placed in front of the unsuspecting, non-English speaking Plaintiff.

4.      Defendant's deceptions, omissions and misrepresentations in this predatory transaction also violate Pennsylvania's state anti-deception law, the UTPCPL and its implementing regulations.

## II.   JURISDICTION

5.      Subject matter jurisdiction is conferred upon this Court by TILA, 15 U.S.C. §1640(e), actionable through 28 U.S.C. §§ 1331, 1337.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

## III.   PARTIES

7.      Plaintiff Damian Zielinski is an adult individual and consumer residing in Philadelphia, Pennsylvania at the address captioned.

8.      Defendant Best Buy Imports, Inc. is upon information and belief a Pennsylvania corporation with a place of business located as captioned.  Best Buy Imports is a licensed seller and financier of used motor vehicles.

9.      At all times relevant hereto, Best Buy Imports regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, payable in more than four installments.  Best Buy Imports is the entity to whom the transaction which is the subject of this action is initially payable. Best Buy Imports is a "creditor" within the meaning of TILA, 15 U.S.C. §1602(f) and Regulation Z, 12 C.F.R. §1026.2(a)(17).

2

IV.   **STATEMENT OF CLAIM**

*The Bait and Switch*

10.    On or around April 17, 2017, Damian Zielinski visited Defendant Best Buy Import's used car lot after seeing an advertisement for a used 2010 Mazda CX-9 (the "vehicle") with an asking price of $10,900.  (See Exhibit "A" hereto, advertisement).

11.    Upon visiting the dealership, Mr. Zielinski asked to see the advertised vehicle. Plaintiff ultimately agreed to purchase the Mazda for the advertised prices of $10,900.

12.    The Mazda vehicle was purchased and financed by Zielinski for primarily personal, family and household use.

13.    Unbeknownst to Mr. Zielinski at the time, the Defendant completed the sales and finance paperwork with an inflated cash price of $12,000.00 plus tax, tags and fees.

14.    Mr. Zielinski is a native of Poland and has limited proficiency in English.

15.    Defendant tricked this unsuspecting consumer to visit its dealership upon a false promise, and then deceptively inflated the sales price.  On information and belief, Best Buy Imports has a pattern and practice of such deceptive marketing.

*Defendant Misrepresented the Sales and Financing Terms*

16.    As part of the purchase, Mr. Zielinski made a down payment totaling $4,155.00, an amount that included:

> (a) A cash payment of $3,000,
>
> (b) A check to the Commonwealth of PA (for taxes) in the amount of $1,076; and
>
> (c) A debit card payment of $79.00.

17.     At the time of sale, Mr. Zielinski and Defendant entered into a Retail Installment Sale Contract (or "RISC"), a copy of which is appended hereto as Exhibit "B" (redacted for privacy).

18.     The RISC is dated April 17, 2017 and lists "Best Buy Imports, Inc." as the "creditor-seller." The RISC, a combined sales and finance document, purports to give Truth-in-Lending Disclosures required by law. (Id.)

19.     The Defendant's purported disclosures are inaccurate and deceptive.

20.     Despite paying $4,155.00 as a down payment on the vehicle, the Retail Installment Sale Contract ("RISC") provided to Mr. Zielinski lists a down payment of only $3,500.00, a full $655.00 less than his actual down payment. (See Exhibit "B").

21.     As such, the amount financed listed on the Retail Installment Sale Contract ($11,004) is inflated by $655 and the APR, finance charge, and total sale price are therefore inaccurate. Defendant is also charging, and Plaintiff has paid, interest on the inflated sum.

***Best Buy's Other Deceptive Conduct***

22.     The RISC contains other deceptive statements and bogus charges.

23.     It levies a $399 "Optional GAP Waiver (Debt Cancellation)" charge and an unspecified and unearned "Transfer Fee" of $150.

24.     The RISC lists government taxes as $960, despite Mr. Zielinski being told he owed $1,076, an amount he provided by check.

25.     As a direct and proximate result of Bust Buy Import's conduct, which Zielinski relied upon to his detriment, Mr. Zielinski has suffered out-of-pocket losses – the "swallowed" down payment, bogus charges, as well as other damages.

## COUNT I
## TRUTH IN LENDING ACT

26.     The foregoing paragraphs are incorporated herein as if set forth at length.

27.     Section 1638 of the Truth in Lending Act mandates that certain standardized disclosures be used in such a consumer finance transaction.  15 U.S.C. § 1638.

28.      Terms such as "amount financed," "finance charge," and "annual percentage rate" must be used, as well as a "descriptive explanation" of each of these terms.  15 U.S.C. §1638(a).

29.     The Act mandates that these disclosures be accurate, clear and conspicuous.  *See* 15 U.S.C. §1632(a); Reg. Z, §1026.17(a).

30.     Defendant's Retail Installment Sale Contract does not comply with the requirements of the TILA.   Defendant's TILA disclosures are inaccurate, unclear, and misrepresent key cost of credit information, and are misleading to the consumer.

31.     Defendant violated the Truth in Lending Act, 15 U.S.C. §§1632(a), 1638(a)(2)– (5).

**WHEREFORE**, Plaintiff, Damian Zielinski, respectfully asks this Court to grant:

     (a)     Actual damages;

     (b)     Statutory damages;

     (c)     Reasonable attorney's fees and costs; and

     (c)     Such other relief as the Court shall deem just and proper.

## COUNT II
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION LAW

32.     The foregoing paragraphs are incorporated herein as if set forth at length.

33.     Defendant represented in its online advertisement that it would sell the 2010 Mazda vehicle for $10,900, but then unconscionably and deceptively inflated the sales price to $12,000 in its sales and finance paperwork.

34.     Defendant Best Buy unfairly and unconscionably pocketed $655.00 of Plaintiff's money and gave Mr. Zielinski no credit for it in this transaction.  Best Buy then fabricated how much Mr. Zielinski had paid, inflated the costs of this predatory loan, and then hid the details by misrepresenting them in the finance paperwork.

35.     Best Buy's installment sales contract contained material omissions and misrepresentations about the consumer's down payment and cost of credit disclosures.

36.     Best Buy's installment sales contract contained unexplained and unearned fees and charges.

37.     Despite selling the vehicle to Mr. Zielinski in April, Defendant improperly failed to pay the taxes to the Commonwealth, causing Plaintiff to incur late fees.

38.     Plaintiff relied on defendant's omissions and misrepresentations as they influenced his purchasing decision.

39.     As a direct result of defendant's conduct, Plaintiff lost a portion of his down payment, amounts paid monthly in improper and inflated finance charges, and suffered other ascertainable losses.

40.     By committing unfair and deceptive practices, omitting key terms of the finance arrangement, and misrepresenting key elements of the costs of this oppressive consumer transaction, Defendant:

> (a) represented that the auto finance arrangement had characteristics or benefits it did not have,  73 P.S. 201-2(v);

6

(b) engaged in other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding, 73 P.S. 201-2 (xxi); and

(c) violated the Pennsylvania Bureau of Consumer Protection Automotive Industry Trade Practices, 37 Pa. Code 301.2(3), (4), and (6), constituting a per se violation of the UTPCPL.

**WHEREFORE**, Plaintiff, Damian Zielinski, respectfully asks this Court to grant:

(a)     Actual damages;

(b)     Treble damages;

(c)     Rescission;

(d)     Reasonable attorney's fees and costs; and

(e)     Such other relief as the Court shall deem just and proper.

## V.     **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: _8/2/17_

CARY L. FLITTER
ANDREW M. MILZ
Attorneys for Plaintiff

FLITTER MILZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 882-0782

7